UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAY ANTHONY SAMPAY (# 118514)

VERSUS

KEVIN GRIFFIN, ET AL

CIVIL ACTION

NUMBER 06-360-JVP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 11, 2007.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA




RAY ANTHONY SAMPAY (# 118514)

VERSUS

KEVIN GRIFFIN, ET AL

CIVIL ACTION

NUMBER 06-360-JVP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the defendants' motion for summary judgment. Record document number 58. The motion is opposed.[1]

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Kevin Griffin, Steve Barnard, Darren Cashio, Andrew Talley and Ronnie Plauche. Plaintiff alleged that he was beaten without provocation in violation of his constitutional rights.[2]

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Stevie Barnard, Darren Cashio, Ronnie Plauche, Kevin Griffin, Andrew Talley and Dr. Jim Sylvester, copies of the plaintiff's medical records and the results of the administrative remedy procedure, a true copy of which was previously filed into the record and incorporated herein.

Summary judgment is appropriate where there is no genuine issue as to any

---

1 Record document number 68.

2 Plaintiff's claims against Richard L. Stalder, Burl Cain, Dave Ankerbrand, Clayton Williams, Linda Ramsey, Samuel Smith, Darrell Vannoy, Steve Moreau, Joe Harrell and Dr. Mark Portacci were previously dismissed. Record document numbers 41 and 57.

material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that on May 31, 2005, he was transported by ambulance to the prison infirmary after attempting suicide. Plaintiff alleged that while in the ambulance, Griffin, an emergency medical technician (EMT), struck him in the face and asked the plaintiff if he was alright. Plaintiff alleged that he was taken by ambulance to the prison infirmary where he was questioned about his suicide attempt by a social worker. Plaintiff alleged that before he was returned to his housing unit he was taken to the emergency room to have an x-ray taken of his stomach. Plaintiff alleged that while he and Griffin were alone in the x-ray room, Griffin removed the handcuff from the plaintiff's right hand, walked across the room to close the door, and turned around brandishing a small pocket knife. Plaintiff alleged that he got off the x-ray table and attempted to exit the room as Griffin approached him with the pocket knife. Plaintiff alleged that Griffin grabbed the plaintiff by the waist chain, placed his arm around the plaintiff's neck and slammed the plaintiff to the floor and began kicking him in the head, legs and back. Two minutes later, defendants Talley, Cashio, Barnard, and Plauche entered the room and began kicking and punching the plaintiff for approximately 11 minutes.

Defendants offer a different version of events. Defendants argued that on May 31, 2005, the plaintiff cut both of his wrists with a razor blade, broke the razor blade in half and appeared to swallow it. Plaintiff was taken by ambulance to the prison infirmary. Plaintiff was taken to the x-ray room, the handcuffs on his left wrist were removed and x-rays were

taken. While the restraints were being placed back on the plaintiff's left hand, the plaintiff closed a fist and swung at EMT Griffin. Plaintiff struck Lt. Barnard in the chest. EMT Griffin and Lt. Barnard wrestled the plaintiff to the ground and replaced the restraints. Plaintiff was examined by Dr. Portacci who ordered the plaintiff placed in four point restraints on an extreme suicide watch in the nursing unit.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian* , 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

There is no objective medical evidence to support a finding that the plaintiff sustained more than a de minimis injury as a result of the alleged use of force. Plaintiff's medical records showed that the plaintiff was examined by Dr. Portacci shortly after the confrontation with security officers.[3] Plaintiff complained that he was kicked in the back. Physical examination showed that the plaintiff was ambulatory with full range of motion of all extremities and no injury observed. There was no bruising, discoloration, redness or swelling observed. Plaintiff was placed on four point restraint and prescribed anti-psychotic medication. Plaintiff voiced no complaints and was released from the nursing unit the next day. On August 25, 2005, the plaintiff sought a consult with a "brain specialist" due to

[3] Defendants' exhibit I.

complications resulting from the Haldol injection. Approximately 11 months later, on July 31, 2006, the plaintiff requested to be examined by a neurologist. On September 27, 2006, the plaintiff complained of headaches after confrontation with security. On October 22, 2006, the plaintiff complained of migraine headaches, blackouts, and nerve disorder since being involuntarily injected with Haldol on May 31, 2005. On January 24, 2007, the plaintiff sought a consult with a neurologist for complaints of headaches, back pain, knee pain resulting from the May 31, 2005 incident.

There is no objective medical evidence to support a finding that the plaintiff sustained more than a de minimis injury as a result of the alleged use of force. Defendants are entitled to summary judgment as a matter of law.

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, December 11, 2007.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE